UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| AVIONICS SUPPORT GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| GLOBAL EAGLE ENTERTAINMENT, INC., ) | TRIAL BY JURY DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Avionics Support Group, Inc. ("ASG") files this Complaint against Defendant Global Eagle Entertainment, Inc. ("Defendant"), and shows the Court as follows:

### NATURE OF THE ACTION

1. This lawsuit arises from Defendant's infringement under 35 U.S.C. § 271 of United States Patent No. 7,686,250, entitled ELECTRONIC DISPLAY MOUNT, which was issued on March 30, 2010 (the "'250 Patent"). The '250 Patent discloses an invention involving a mount for an electronic display device, including a mount typically used in the cockpit of an airplane for a device known as an electronic flight bag.

### PARTIES, JURISDICTION AND VENUE

2. ASG is a Florida corporation with its principal place of business located at 13155 SW 132 Avenue, Miami, Florida 33186. ASG owns the '250 Patent.

3. Upon information and belief, Defendant is a Delaware corporation with its principal place of business located at 4553 Glencoe Avenue, Marina del Rey, California 90292. Defendant's registered agent in Delaware is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

4. Upon information and belief, Defendant owns and operates websites with the following addresses: www.navaero.org and www.navaero.com.

5. This Court has subject-matter jurisdiction in this action under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et. seq*.

6. This Court has personal jurisdiction over Defendant because Defendant was incorporated in the State of Delaware.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

### I. ASG's Ownership and Use Of The '250 Patent.

8. The '250 Patent was duly and lawfully issued on March 30, 2010, based upon an application filed by the inventors Hugo L. Fortes, Armand Wong, Robert Alfonso, Alex Rodrigo, Raul Segredo and Stylian Cocalides. A copy of the '250 Patent is attached as Exhibit 1.

9. ASG owns the '250 Patent by virtue of an assignment recorded on February 20, 2006.

10. ASG has manufactured, distributed, sold, offered for sale, marketed and advertised certain electronic flight bag mounts covered by the '250 Patent, including ASG's line of cfMount™ electronic flight bag mounts, as well as those ASG products and kits incorporating such electronic flight bag mounts.

### II. Defendant Infringes The '250 Patent Through The Infringing Devices.

11. Defendant sells, offers for sale, markets and advertises in the United States certain electronic flight bag mounts which infringe one or more claims of the '250 Patent, including the navAero electronic flight bag mount with model number 14-MDU-10 (the "Infringing Devices").

12. Defendant has never been granted any authorization, assignment or license from ASG related to the '250 Patent, and Defendant's sale, offer for sale, marketing and advertisement of the Infringing Devices has been conducted without ASG's permission or authorization.

### INFRINGEMENT OF THE '250 PATENT
**(Direct Infringement – Literal or Under the Doctrine of Equivalents)**

13. ASG incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 12 above.

14. Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '250 Patent by selling, offering for sale, marketing and advertising the Infringing Devices in violation of 35 U.S.C. § 271.

15. Upon information and belief, Defendant acquired the rights and ownership in the infringing devices from navAerro, Inc. ("navAerro").

16. Defendant and navAerro were placed on notice about the infringement of the '250 Patent by ASG since at least May 26, 2017.

17. Defendant's infringement of the '250 Patent has been and continues to be willful, deliberate and intentional.

18. Defendant has profited and continues to profit from its infringement of the '250 Patent.

19. ASG has suffered and continues to suffer monetary damages as a direct and proximate result of Defendant's infringement of the '250 Patent.

20. ASG has suffered and continues to suffer irreparable harm from Defendant's infringement of the '250 Patent for which it lacks an adequate remedy at law, and ASG is entitled to preliminary and permanent injunctive relief enjoining Defendant's infringing conduct.

21. Defendant has profited and continues to profit from its infringement of the '250 Patent.

## PRAYER FOR RELIEF

WHEREFORE, ASG prays for the following relief:

a. Judgment in ASG's favor on all of its claims against Defendant;

b. A judgment that the '250 Patent remains valid and enforceable;

c. A judgment that Defendant has directly infringed, contributorily infringed and induced infringement of one or more claims of the '250 Patent;

d. An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, licensees, parents, subsidiaries, affiliates, successors, assigns and all others acting in concert with them from further infringement of the '250 Patent;

e. An award to ASG of actual and compensatory damages in an amount sufficient to compensate ASG for Defendant's infringement of the '250 Patent, but in no event less than a reasonable royalty for Defendant's infringement of the '250 Patent;

f. A judgment that Defendant's willful and intentional infringement of the '250 Patent renders this an exceptional case under 35 U.S.C. § 285;

g. An award to ASG of treble damages for Defendant's willful and intentional infringement of the '250 Patent;

h. An award to ASG of the reasonable attorneys' fees and costs incurred by it in this case; and

i. Such other relief to ASG as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), ASG hereby demands a jury trial on all issues so triable raised in this action.

Respectfully submitted this 26th day of May, 2017.

Dated:  May 26, 2017            */s/ Brett D. Fallon*
　　　　　　　　　　　　　　　　Brett D. Fallon (DE Bar No. 2480)
　　　　　　　　　　　　　　　　Mary B. Matterer (DE Bar No. 2696)
　　　　　　　　　　　　　　　　MORRIS JAMES LLP
　　　　　　　　　　　　　　　　500 Delaware Avenue, Suite 1500
　　　　　　　　　　　　　　　　Wilmington, DE  19801-1494
　　　　　　　　　　　　　　　　Telephone:  (302) 888-6800
　　　　　　　　　　　　　　　　*bfallon@morrisjames.com*
　　　　　　　　　　　　　　　　*mmatterer@morrisjames.com*

　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　Vincent Bushnell
　　　　　　　　　　　　　　　　(*pro hac vice* application to be submitted)
　　　　　　　　　　　　　　　　FISHERBROYLES, LLP
　　　　　　　　　　　　　　　　1200 Abernathy Road
　　　　　　　　　　　　　　　　Building 600, Suite 1700
　　　　　　　　　　　　　　　　Atlanta, GA 30328
　　　　　　　　　　　　　　　　Telephone: 678-902-7190
　　　　　　　　　　　　　　　　*vincent.bushnell@fisherbroyles.com*

　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Avionics Support Group, Inc.*