## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AVIONICS SUPPORT GROUP, INC., )
 )
   Plaintiff, ) CIVIL ACTION NO.
v. ) 17-644-VAC-CJB
 )
GLOBAL EAGLE ENTERTAINMENT, INC., ) **TRIAL BY JURY DEMANDED**
 )
   Defendant. )
 )

## [PROPOSED] SCHEDULING ORDER *CJB*

This __9th__ day of __August__, 2017, the ~~Court having conducted an initial Rule 16~~

~~scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local~~

~~Rule 16.1 on July 21, 2017, and the~~ parties having determined after discussion that the matter *CJB*

cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

  IT IS ORDERED that:

  1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order.  If they

have not already done so, the parties are to review the Court's Default Standard for Discovery,

Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate

Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the

"Guidelines" tab, and is incorporated herein by reference.

2.      **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join

other parties, and to amend or supplement the pleadings shall be filed on or before October 20,

2017.

3.      **Application to Court for Protective Order**.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within ten (10) days from the date of this

Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel

must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case.  Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated "confidential" [the
> parties should list any other level of designation, such as "highly
> confidential," which may be provided for in the protective order]
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

4.      **Papers Filed Under Seal**.  When filing papers under seal, counsel shall follow

the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the

Administrative Procedures Governing Filing and Service by Electronic Means. A redacted

version of any sealed document shall be filed electronically within seven (7) days of the filing

of the sealed document.

9641060/1

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.    **Courtesy Copies.**  Other than with respect to "discovery matters," which are governed by Paragraph 8(g), and the final pretrial order, which is governed by Paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6.    **ADR Process**. ~~Having discussed the ADR process during the Rule 16 scheduling conference,~~ The Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

3

9641060/1

7.      **Disclosures.** Absent agreement among the parties, and approval of the Court:

     a.      By August 21, 2017, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

     b.      By September 20, 2017, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall produce sales figures for the accused product(s).

     c.      By October 20, 2017, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

     d.      By November 20, 2017, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

     e.      By December 20, 2017, Plaintiff shall provide final infringement contentions.

     f.      By January 22, 2018, Defendant shall provide final invalidity contentions.

8.      **Discovery**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

     a.      Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before March 8, 2018.

4

9641060/1

      b.    <u>Document Production</u>.  Document production shall be substantially complete by January 22, 2018.

      c.    <u>Requests for Admission</u>.  A maximum of 25 requests for admission are permitted for each side.

      d.    <u>Interrogatories</u>.

      i.    A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      e.    <u>Depositions</u>.

      i.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 6 depositions upon oral examination.

      ii.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

5

      f.     Disclosure of Expert Testimony.

            i.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before June 1, 2018. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 15, 2018. Reply expert reports from the party with the initial burden of proof are due on or before June 28, 2018. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

            ii.     Expert Report Supplementation. The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

6

9641060/1

g.    Discovery Matters and Disputes Relating to Protective Orders.

i.    Any discovery motion filed without first complying with the

following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts—including *verbal*

communication among Delaware and Lead Counsel for all parties to the dispute—that they are

unable to resolve a discovery matter or a dispute regarding a protective order (other than that

involving the initial drafting of a protective order, which is discussed further below), the parties

involved in the discovery matter or protective order dispute shall submit a joint letter in

substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter
> write to request the scheduling of a discovery
> teleconference.
>
> The following attorneys, including at least
> one Delaware Counsel and at least one Lead
> Counsel per party, participated in a verbal
> meet-and-confer (in person and/or by
> telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are
> listed below:
>
> [provide here a non-argumentative list of
> disputes requiring judicial attention]

iii.    The moving party (i.e., the party seeking relief from the Court)

should also file a "Motion For Teleconference To Resolve Discovery Dispute."  The suggested

text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in

7

the "Forms" tab, under the heading "Discovery Matters -- Motion to Resolve Discovery Dispute."

            iv.        The Court will thereafter set a discovery telephone conference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reasons for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments to the Clerk's Office within one hour of e-filing.

iv.        Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi.    Should counsel find, after good faith efforts—including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall submit a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

vii.    The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Joint Motion to Resolve Protective Order Dispute."

9

9641060/1

viii.    The Court will thereafter set a protective order dispute teleconference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, each party shall file with the Court a letter, not to exceed two (2) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission should include the party's proposal as to how the content of the disputed portion(s) of the protective order should read. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, each party may file a letter, not to exceed two (2) pages, in no less than 12-point font, outlining that party's response to the opposing party's initial letter. Each party shall submit two (2) courtesy copies of its protective order dispute letter and any attachments to the Clerk's Office within one hour of e-filing.

ix.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    **Motions to Amend**.

a.    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

10

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.   **Motions to Strike**.

a.      Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.   **Tutorial Describing the Technology and Matters in Issue**.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which plaintiff's opening claim construction brief is due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes.  The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which

11

the defendant's answering claim construction brief is due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.     **Claim Construction Issue Identification**.  On December 13, 2017, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court on December 20, 2017.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

13.     **Claim Construction Briefing**.   Plaintiff shall serve and file its opening brief on claim construction on or before February 22, 2018.  Defendant shall serve and file its answering claim construction brief on or before March 8, 2018.  Plaintiff shall serve and file its reply brief on or before March 15, 2018.  Defendant shall serve and file its surreply brief on or before April 13, 2018.  Local Rule 7.1.3(a)(4) shall control the page limitations.

12

14.    **Hearing on Claim Construction**. Beginning at 9:00 a.m. on April ~~18~~ 25, 2018, ~~or~~ at 11:00a.m. ~~on an alternative date set at the Court's convenience,~~ the Court will hear argument on claim CJB

construction.  The parties shall notify the Court, by joint letter submission, no later than the date

on which Defendant's surreply brief is due: (i) whether they request leave to present testimony at

the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and

(iii) the order in which they intend to present the claim terms at issue, including which side will

present first for each term.  Provided that the

parties comply with all portions of this Scheduling Order, and any other orders of the Court, the

parties should anticipate that the Court will issue its claim construction order within sixty (60)

days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal,

it will advise the parties no later than sixty (60) days after the conclusion of the claim

construction hearing.

15.    **Interim Status Report**.  On March 12, 2018, counsel shall submit a joint letter

to the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status

conference.

16.    **Supplementation**.  Absent agreement among the parties, and approval of the

Court, no later than March 12, 2018, the parties must finally supplement, *inter alia*, the

identification of all accused products and of all invalidity references.

17.    **Case Dispositive Motions**.  All case dispositive motions, an opening brief, and

affidavits, if any, in support of the motion shall be served and filed on or before August 28,

2018.  Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

13

a.     <u>No early motions without leave</u>.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.  A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a letter brief with the Court of no more than four (4) pages, explaining the reasons why an earlier-filed motion should be permitted.  If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) pages, within seven (7) days from the date the requesting party filed its brief.  No reply briefs shall be filed.

b.     <u>Page limits combined with *Daubert* motion page limits</u>.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[1]

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motion, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

14

c.    Hearing.  The Court will hear argument on all pending case dispositive and *Daubert* motions on October 31, 2018, beginning at ~~9:00~~ 11:60 a.m, or on an alternative date set at *AB* the Court's convenience.  [The parties should propose a date approximately two months prior to the requested pretrial conference date.]   Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

18.    **Applications by Motion**.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.    **Pretrial Conference**.  On December 19, 2018, at 2:00 pm ~~or on an alternative date set at the~~ *AB* ~~Court's convenience,~~ the Court will hold a pretrial conference in Court with counsel beginning at 9:00 a.m. ~~[The parties should request a date approximately 2-4 weeks prior to their requested~~ *AB* ~~trial date.]~~ Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found on Magistrate Judge Burke's section of the Court's website (www.ded.uscourts.gov), on or before December 12, 2018. ~~[The parties should insert a date no less than seven (7) days before the requested~~ *AB* ~~pretrial conference date.]~~ Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

15

As noted in the Patent Pretrial Order, the parties shall include in their joint proposed pretrial order, among other things:

      a.      <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be a 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

      b.      <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

      c.      <u>their position as to whether the Court should rule at trial on objections to expert testimony </u>as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

      20.      **Motions *in Limine***.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall

be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

21.    **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to the trial judge's staff.

22.    **Trial**. This matter is scheduled for a 3-day trial beginning at 9:00 [handwritten: 9:30] a.m. on January 16, 2019, or on an alternative date set at the Court's convenience, with the subsequent trial days [handwritten: CJB] beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.    **Judgment on Verdict and Post-Trial Status Report**. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status

17

report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24.   **Post-Trial Motions**.  Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

18

9641060/1